SAM GANN ET AL V. BEN E. KEITH ET AL

No. A-3711. Decided December 3, 1952.
Rehearing overruled December 31, 1952.
(253 S. W., 2d Series, 413.)

*Murray & McDowell, Clark Murray,* all of Floresville, and *Charles J. Lieck,* of San Antonio, for appellants.

*Carl Wright Johnson* and *Nat. L. Hardy,* of San Antonio, for respondent.

MR. JUSTICE SHARP delivered the opinion of the Court.

The Court of Civil Appeals at San Antonio certifies to this Court certain questions hereinafter set out, and the certificate is accompanied by the entire record in the case, together with the briefs of the parties. The opinion of the Court of Civil Appeals is reported in 249 S. W. 2d 683, and contains a comprehensive statement of the facts and the reason for its decision. In order to show the background of the questions certified, we quote from the opinion of the Court of Civil Appeals certain controlling facts, as follows:

"The former opinion of this Court in this cause is reported

in 240 S. W. 2d 822. The opinion of the Supreme Court upon petition for writ of mandamus, Gann v. Murray, is reported in 151 Texas 130, 246 S. W. 2d 616, 620.

"In the mandamus proceedings Gann and others, plaintiffs below and appellants here, sought to compel this Court to certify the following question to the Supreme Court:

" 'When on the trial of the pleas of privilege filed by the appellees, Raymond Earl Mabra and Ben E. Keith, appellants proved commission of two crimes in Wilson County, Texas, by the appellee, Raymond Earl Mabra, while acting in the course of his employment for said appellee, Ben E. Keith, both of which crimes were negligence as a matter of law, was it necessary for appellants to prove that at least one of such crimes was the proximate cause of their injuries in order to establish venue in Wilson County, Texas, under Exception 9 of Article 1995, Vernon's Annotated Civil Statutes of Texas?'

"In its opinion the Supreme Court suggested that a negative answer was proper and held that, 'Plaintiffs were required to prove "that the crime * * * was in fact committed and that it was committed in the county where the suit is pending." Compton v. Elliott, supra, 126 Texas 232, 88 S. W. 2d 91. The pleadings will determine as a matter of law for purposes of venue whether or not their suit is based upon that crime.'

"The Supreme Court's direction to this Court was as follows:

" 'Under Rule 475, T. R. C. P., the Honorable Court of Civil Appeals for the Fourth Supreme Judicial District of Texas is directed to conform its ruling and decision to this opinion. Costs are taxed against respondents.'

"The Supreme Court disapproved of the rule heretofore followed by this Court and set forth in Thomas v. Meyer, Tex. Civ. App., 168 S. W. 2d 681, and held that although exception 9 of Article 1995, Vernon's Ann. Civ. Stats., required a causal connection between the injury suffered and the crime committed for an action to constitute a 'suit based upon a crime,' it was not necessary to prove this causal connection by a preponderance of the evidence as this was not a 'venue fact' requiring proof. It was said that 'this (causal connection) is determined on a venue hearing as a matter of law from the pleadings.'

"The Supreme Court, as pointed out in its opinion, did not have before it either the record or the briefs filed in this Court, and expressly limited its decision to the question of causal con-

nection and refrained from passing 'upon the question of whether an offense was alleged and proved in the case at bar.' In our former opinion, we assumed, without deciding, that a violation of the penal code had been shown. However, in view of the action of the Supreme Court in overruling Thomas v. Meyer, Tex. Civ. App., 168 S. W. 681, it now becomes our duty to decide whether or not the evidence shows that a crime was in fact committed. Compton v. Elliott, 126 Texas 232, 88 S. W. 2d 91."

The Court of Civil Appeals in its opinion sets out certain findings of fact made by the trial judge, which will not be repeated here. We quote further from the opinion as follows:

"Appellants' points of error are as follows:

" 'Point 1. The trial court erred in sustaining appellees' pleas of privilege, because the evidence proved that the truck tractor was left standing on the highway, by the appellee Mabra, without its head lamps lighted thereon, such omission being in violation of Section 121 of Article 6701d of the Revised Civil Statutes of Texas, a "crime" within the meaning of Exception 9 of Article 1995 of said statutes, and negligence as a matter of law.'

" 'Point 2. The trial court erred in sustaining appellees' pleas of privilege, because the evidence proved that the appellee Mabra placed a flare to the rear of the rear end of the trailer at a distance of not more than 82 feet, such act being in violation of Section 9-a of Article 827a of the Penal Code of Texas, a "crime" within the meaning of Exception 9 of Article 1995 of the Revised Civil Statutes of Texas, and negligence as a matter of law.'

"Appellees' counterpoints are as follows:

" 'First Counterpoint. The court properly sustained plea of privilege to order the suits transferred because appellants wholly failed to prove that any *crime* was committed upon which appellants could base an action for civil liability against the appellees.'

" 'Second Counterpoint. The court properly sustained the plea of privilege and ordering the suits transferred because appellants wholly failed to prove that the alleged *crimes,* if committed, were the proximate cause of the accident for which damages are sought or had any causal connection therewith.'

"It was the second counterpoint which the Supreme Court

held was improperly sustained. The issues remaining in the case relate to asserted violations of Article 6701d, § 121, Vernon's Ann. Civ. Stats., and Article 827a, § 9-a, of Vernon's Ann. Pen. Code.

"Article 6701d, § 121, provides that:

" 'Whenever a vehicle is parked or stopped upon a roadway or shoulder adjacent thereto, whether attended or unattended during the times mentioned in Section 109, such vehicle shall be equipped with one or more lamps which shall exhibit a white light on the roadway side visible from a distance of five hundred (500) feet to the front of such vehicle and a red light visible from a distance of five hundred (500) feet to the rear, except that local authorities may provide by ordinance or resolution that no lights be displayed upon any such vehicle when stopped or parked in accordance with local parking regulations upon a highway where there is sufficient light to reveal any person within a distance of five hundred (500) feet upon such highway. Any lighted head lamps upon a parked vehicle shall be depressed of dimmed.'

"The allegations of the controverting affidavits relied upon as raising the point are as follows:

" '(c) Plaintiff alleges that said defendant permitted said vehicle to be on the highway at nighttime without having all of the lights lit thereon, which was in violation of the Penal Laws of Texas, and a proximate cause of the plaintiffs' damages and injuries.' "

The evidence relied upon to show a violation of Article 6701, § 121, is also set out in the opinion, which will not be repeated here. The Court of Civil Appeals in its opinion further said:

"Article 6701d, § 121, does not require that a vehicle left or parked on the highway have 'all of the lights lit thereon,' or that headlights be left burning. It requires an exhibition of 'a white light on the roadway side visible from a distance of five hundred (500) feet to the front of such vehicle.' There is no showing that such light was not exhibited. The indications of the evidence are to the contrary. We overrule appellants' first point.

"The burden of appellants' second point is complicated and ingenious. Article 6701d, § 138, provides that when a motor vehicle becomes disabled upon the highway lighted flares shall

be placed on the roadway 'at a distance of approximately one hundred (100) feet in advance of the vehicle, (and) one at a distance of approximately one hundred (100) feet to the rear of the vehicle.'

"Appellants' second point does not present the contention that the placing of a flare 82 feet to the rear of the vehicle (as found by the trial court) did not constitute a compliance with Article 6701d, but refers to Article 827a, § 9-a, of the Penal Code. This section provides that a warning signal shall be placed upon the highway not less than 150 feet and not more than 200 feet from the parked vehicle in every direction from which another vehicle may approach. It is argued that Article 6701d, § 138, is unconstitutional and void for want of certainty; that it therefore could not operate to repeal Article 827a, § 9-a, of the Penal Code which is consequently now in full force and effect. The constitutional provision involved is Article 1, § 10, Vernon's Ann. St., Griffin v. State, 86 Texas Cr. R. 498, 218 S. W. 494, which provides that, 'In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. * * *.' We have no one before us charged with crime in a criminal prosecution, but in order to determine what should be a relatively uncomplicated venue matter, we are supposed to act like we did. However, the Court of Criminal Appeals, so far as we know, has never condemned Article 6701d, § 138, and the Texarkana Court of Civil Appeals has held that Article 6701d, § 138, repealed Article 827a, § 9-a, of the Penal Code, Simmons v. Germany, Tex. Civ. App., 231 S. W. 2d 774, 776, and thus considered the same as a valid operative statutory provision.

"The Texarkana Court said:

" 'By points of error Nos. 2, 3 and 4, the appellants assert that the sections or subdivisions 9-a and 10 of Article 827a, P. C. of Texas, were repealed by the enactment of the Uniform Traffic Act Regulating Traffic on the Highways of Texas, passed by the 50th Leg. 1947, and which was in effect on the date of the accident. They assert that since the plaintiff has grounded his case upon the statutes referred to by him and since said statutes have been repealed by the Uniform Traffic Act, the defendants could not be guilty of a crime or offense by violation of the repealed statutes and that the action of the trial court in overruling the plea of privilege was erroneous.

" 'The Uniform Traffic Act provides that all laws and parts of

laws in conflict with its provisions are repealed. We will dispose of the contention of appellants with reference to the provisions of Section 9-a of Art. 827a, supra, by holding that in our opinion there are such conflicts between said Sec. 9-a and Sec. 138 of the Uniform Traffic Act, Art. 6701d, Vernon's Civil Tex. Statutes, as to make Sec. 9-a of the original penal act ineffective for purpose of this suit. Both acts relate to placing of flares on the highway, prescribing the types, number, distances, etc. We do not deem it necessary to extend this opinion by setting out the provisions of said acts in the respects noted nor pointing out the particular conflicts. They are readily discernible from a reading of both acts.'

"We have no inclination to depart from the holding above stated. Appellants' second point is overruled.

"This holding effects no change in the disposition of this cause and the original order of affirmance will remain in effect."

The certificate reads as follows:

"Appellants in this Court, Sam Gann et al., have filed herein a motion to certify to the Supreme Court the following questions, to-wit:

"1. On the trial of the pleas of privilege filed by the appellees, Raymond Earl Mabra and Ben E. Keith, did appellants have the right to attack Section 138 of Article 6701d, Vernon's Annotated Civil Statutes, as being unconstitutional and void?

"2. Is Section 138 of Article 6701d, Vernon's Annotated Civil Statutes, unconstitutional and void for lack of certainty?

"3. If Section 138 of Article 6701d, Vernon's Annotated Civil Statutes, is void, did such Section 138 repeal Section 9-a of Article 827a, Vernon's Annotated Penal Code?

"4. If Section 138 of Article 6701d, Vernon's Annotated Civil Statutes, is void, did it have any application as a rule of civil conduct to the facts presented on the trial of the pleas of privilege in this case, and thereby prevent appellants from relying on the provisions of Section 9-a of Article 827a, Vernon's Annotated Penal Code, in order to establish venue in Wilson County?"

Petitioners, who reside in Wilson County, Texas, brought this suit in Wilson County against respondents Raymond Earl Mabra and Ben E. Keith; the said Mabra, who was an employee of and was driving the truck for Keith being a resident of Dal-

las County, Texas, and the said Ben E. Keith being a resident of Tarrant County, Texas. It was alleged that respondents violated Section 9-a of Article 827a, Vernon's Annotated Penal Code, and certain sections of Article 6701d, Vernon's Annotated Civil Statutes. The action, in order to establish venue in Wilson County, was based upon Section 9 of Article 1995, Vernon's Annotated Civil Statutes.

Respondents are not being prosecuted for a criminal offense for which punishment is sought to be enforced against them. This is a civil suit for which damages are sought for a violation of Section 9-a of Article 827a of the Penal Code and certain sections of Article 6701d, Vernon's Annotated Civil Statutes. Petitioners contend that Section 138 of Article 6701d is void for uncertainty, and therefore did not repeal Section 9-a of Article 827a of the Penal Code.

1 We answer Question No. 1, "Yes." This answer is based upon the ground that petitioners are interested in Section 138 of Article 6701d, although it may be declared invalid as a penal statute, because it may constitute a rule of civil conduct. For a discussion of the authorities bearing upon this question see Houston & T. C. Ry. Co. v. Stevenson, Tex. Com. App., 29 S. W. 2d 995; West Texas Coaches, Inc., v. Madi, Tex. Com. App., 26 S. W. 2d 199. The courts recognize that one whose rights are affected by the operation of a statute may question its validity. City of Amarillo v. Tutor, Tex. Com. App., 267 S. W. 697; 9 Tex. Jur., p. 467, § 53; 16 C. J. S., p. 164, § 76. In Gohlman, Lester & Co. v. Whittle, 114 Texas 548, 273 S. W. 808, this Court said:

"The Court will always adjudicate whether a statute is constitutional, if it is necessary to the decision of a case, regardless of when or how the question is raised. Hopson v. Murphy, 1 Texas 315; Terrell v. Middleton, 108 Texas 19, 191 S. W. 1138, 193 S. W. 139; Barnes v. State, 75 Texas Cr. R. 188, 170 S. W. 550, L. R. A. 1915C, 101, 109; Cooley's Constitutional Limitations, pp. 228, 229."

Section 5 of Article V of the Constitution of this State provides that the Court of Criminal Appeals shall have appellate jurisdiction in all criminal cases of whatever grade, with certain exceptions which are not involved in this case.

2 We answer Question No. 2 as follows: The Court of Criminal Appeals has not passed upon the validity of Section 138 of Ar-

ticle 6701d. Since respondents are not being prosecuted for a violation of the statute, and only civil liability is sought for failure to comply with some of its provisions, we will confine our construction of the statute under the latter standard. As a general rule, criminal statutes do not create civil liability, and since this Court has held that although a penal statute may be held void for lack of certainty, yet it has been held that it may constitute a rule of civil conduct. For this reason Section 138 of Article 6701d is not unconstitutional and void. Houston & T. C. Ry. Co. v. Stevenson, supra; West Texas Coaches, Inc., v. Madi, supra.

**3** We answer Question No. 3 as follows: Article 6701d is a very comprehensive law, and the act shows upon its face that it was intended as a comprehensive code for the regulation of traffic on highways, and was considered by the Legislature as both a civil and a criminal statute. The intent of the Legislature is clearly shown by Section 154, which reads: "This Act may be cited as the Uniform Act Regulating Traffic on Highways." The Act shows that it was intended to cover and regulate traffic in every respect on the highways of the State. The Legislature inserted in the Act the following:

"Sec. 155. If any part or parts of this Act shall be held to be unconstitutional, such unconstitutionality shall not affect the validity of the remaining parts of this Act. The Legislature hereby declares that it would have passed the remaining parts of this Act if it had known that such part or parts thereof would be declared unconstitutional."

A portion of the repealing provisions applicable to this case reads as follows:

"All laws or parts of laws inconsistent or conflicting with the provisions of this Act are hereby repealed, * * *." (Sec. 156.)

The title or caption of this Act reads as follows:

"An Act regulating traffic, or travel upon the highways of the State of Texas; prescribing penalties for the violation of the provisions of this Act; containing a saving clause; providing for repeal of all laws or parts of laws inconsistent or conflicting with provisions of the Act; and declaring an emergency."

It is agreed that Section 138 of Article 6701d is inconsistent with and in conflict with Section 9-a of Article 827a, Vernon's Annotated Penal Code. Section 138 is only a part of Article

6701d, and does not contain the repealing provisions. Regardless of Section 138 of Article 6701d, Section 9-a of Article 827a is repealed by the above provision of Article 6701d.

In the case of Simmons v. Germany, 231 S. W. 2d 774, the Court of Civil Appeals held that Section 138 of Article 6701d was in conflict with Section 9-a of Article 827a, and therefore repealed Section 9-a of Article 827a. The Court of Civil Appeals in this case sustained that holding, and we agree that Section 9-a of Article 827a was repealed. 39 Tex. Jur., p. 131 § 68; 8 Tex. Jur. Sup., p. 806, §§ 67 and 68; 50 Amer. Jur., p. 525, § 516.

We answer Question No. 4 as follows: Section 9-a of Article 827a was repealed by the Legislature by the enactment of Article 6701d, and therefore the repealed article cannot be used to establish venue in Wilson County. In reaching this conclusion it is not necessary to hold that Section 138 of Article 6701d was valid or invalid as a penal statute, but such conclusion rests upon the construction that such article constituted a rule of civil conduct.

Opinion delivered December 3, 1952.

Rehearing overruled December 31, 1952.