## HURLEY v. McMILLAN.
### No. 12497.

Court of Civil Appeals of Texas. Galveston.
Feb. 5, 1953.

Rehearing Denied Feb. 26, 1953.

Robertson, Jackson, Payne, Lancaster & Walker and D. L. Case, of Dallas, for appellant.

J. J. Duckett, of El Campo, and W. James Kronzer, Jr., of Houston, (Duckett & Duckett, of El Campo, and Hill, Brown, Kronzer & Abraham, of Houston, of counsel), for appellee.

GRAVES, Justice.

The appellee, U. S. McMillan, filed this suit in the District Court of Wharton County, Texas, against appellant, Charles W. Hurley to recover for personal injuries and property-damage, allegedly sustained in a collision between their respective automobiles—driven by themselves in opposite directions—, which occurred just outside the city limits of El Campo, Wharton County.

Appellant filed his plea of privilege to be sued in the county of his residence, Dallas County.

Appellee filed his controverting-affidavit, alleging a crime, offense, or trespass, to have been committed by appellant in Wharton County, under Section 9, Article 1995, Revised Civil Statutes, Vernon's Ann.Civ. St. art. 1995, subd. 9; that the crime, offense, or trespass, allegedly committed by appellant in Wharton County, consisted of his failure to dim the lights on his vehicle, as provided by subsection (b), of Section 127, of Article 6701(d), of Vernon's Ann. Civil Statutes; he further alleged discovered peril as a trespass in that county.

The trial court entered its order overruling appellant's plea of privilege, from which action this appeal regularly proceeds.

In support of its judgment the trial court filed findings of fact and conclusions of law, of which these are deemed to be the most material ones:

### "Findings of Fact

"(1) That on December 13, 1951, at approximately 6:30 o'clock P. M., a collision occurred on the paved portion of U. S. Highway No. 59 in Wharton County, Texas, between an automobile driven by the Defendant, Charles W. Hurley, and an automobile driven by the Plaintiff, U. S. McMillan, * * *

"(2) That the collision, * * * occurred between 300 and 500 feet east of

the City Limits of El Campo, Wharton County, * * * but within the territorial limits of said County.

"(3) That at the time of the collision, * * * it was dark and there was not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of 500 feet ahead.

"(4) That the collision * * *, occurred more than thirty (30) minutes after sunset.

"(5) That prior to the collision * * *, the two vehicles were moving in opposite directions; the Hurley vehicle proceeding towards Wharton, * * *, and the McMillan vehicle towards El Campo, * * *.

"(6) That at the time of the collision * * *, the head lights on the Hurley automobile were capable of operation within the meaning of the terms and provisions of Article 6701d of the Revised Civil Statutes of Texas.

"(7) That at the time when the two vehicles were within 500 feet of one another, and at all times until the accident occurred, the Defendant, Hurley, used a distribution of his head lights, so aimed that the glaring rays were projected into the eyes of the Plaintiff, McMillan.

"(8) That at the time of and immediately before the collision described in Finding of Fact No. (1), the high intensity portion of the Defendant Hurley's head lights was projected to the left of the prolongation of the extreme left side of his vehicle in such a manner as to be aimed higher than the center of the lamp from which it came at a distance of 25 feet ahead.

"(9) That at the time of and immediately prior to the collision * * *, the Defendant, Hurley, failed to dim the head lights on his vehicle to avoid glare at all times.

"(10) That each of the omissions found in Findings of Fact Nos. (7), (8) and (9), separately and collectively constituted violations of Section 127(b) of Article 6701d of the Revised Civil Statutes of Texas, and as such constituted, separately and collectively, the commission of a crime within the territorial limits of Wharton County, Texas, as provided by Article XVI of Article 6701d of the Revised Civil Statutes of Texas."

· * * · * · * · * · *

"Conclusions of Law

"That the Court concludes that the venue of this cause properly lies in Wharton County, Texas, by virtue of Exception 9 of Article 1995 of the Revised Civil Statutes of Texas for the following reasons:

"(1) The failure of the Defendant, Hurley, to dim his lights at the time of and prior to the collision, and to cause same to be projected so that the glaring rays were aimed at Plaintiff, McMillan, constituted the commission of crimes within the territorial limits of Wharton County, Texas, as provided by Section 127(b) of Article 6701d of the Revised Civil Statutes of Texas, which statute is penal in nature, and such crimes separately and collectively caused the collision and the consequent injuries and damages suffered by Plaintiff, McMillan."

In this court Appellant presents some seventeen stated points, attacking the findings of the court below, upon both the facts and the law.

None of his presentments, it is determined, should be sustained.

This Court, after a careful examination of the record, finds a dearth of neither fact nor law to support the judgment rendered; because of the somewhat novel character of the appeal—rather than the facts—it specifically finds that not only were the trial court's findings-of-fact shown to be fully within the testimony it heard, hence not so against the great weight and preponderance of it that there should be a reversal, but, further, the law, as set out in Section 127(b), of Art. 6701d, of the Revised Statutes of Texas, was correct, as it has recently been declared by the Supreme Court of Texas in the case of Gann v. Keith, Tex.Sup., 253 S.W.2d 413.

It would serve no necessary purpose—upon such an appeal as this—to accept the invitation the briefs of the parties here apparently invite to re-examine, at first hand, the law upon the question controlling

this case, which has already been, in effect, authoritatively declared. The sole issue of law involved is whether or not a violation of the Uniform Traffic Code, Art. 6701d, Subdivision 127(b), should be considered as a crime, or trespass, within the meaning of R.S.Art.1995, Section 9.

It is the holding of this Court that not only were the fact-findings of the trial court in this instance neither against the evidence as a whole, nor so against its prepondering weight as to require a reversal of its judgment, but that the law as so declared by the trial court was fully within this latest holding of the Supreme Court, in the Gann v. Keith case, cited supra.

It would, accordingly, be supererogatory for this Court to reiterate the final authoritative declaration of the Supreme Court in that case, to the general effect that—especially where the Court of Criminal Appeals of Texas has not interpreted any provision of the Penal Code to the contrary—that the section of the Uniform Traffic Code here involved did not control this cause.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.