

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 6, 1962

Honorable J. W. Edgar        Opinion No. WW-1344
Commissioner of Education
Texas Education Agency       Re:  Whether a city marshall has
Austin, Texas                     statutory authority to halt
                                  and board a school bus and
                                  in the presence of trans-
                                  portee school children per-
                                  form a "safety inspection"
                                  while the bus is in transit
Dear Mr. Edgar:                   and related question.

Your opinion request and subsequent correspondence has shown that a city marshall has stopped school buses after traffic violations have occurred and then made safety inspections of the buses, while said buses were in the actual process of transporting school children. You have requested the opinion of the Attorney General on the following questions:

"1. Does a city marshall have statutory authority to halt and board a school bus and in the presence of transportee school children perform . . .'safety inspection' while in transit on the streets of the city?"

"2. Does the city marshall have authority to conduct alleged safety inspections of school buses on its school grounds or at school facilities?"

Under the facts as presented, it is assumed that the city marshall was not acting under a city ordinance.

Article 6701d, Section 153, V.C.S., provides:

"Any peace officer is authorized to arrest without warrant any person found committing a violation of any provisions of this Act."

The Court in Gann v. Keith, 151 Tex. 626, 253 S.W.2d 413(1952) stated:

"Article 6701d is a very comprehensive law, and the act shows upon its face that it was

intended as a comprehensive code for the regulation of traffic on highways, and was considered by the Legislature as both a civil and a criminal statute. The intent of the Legislature is clearly shown by Section 154, which reads: 'This Act may be cited as the Uniform Act Regulating Traffic on the Highways.' The Act shows that it was intended to cover and regulate traffic in every respect on the highways of the State."

In this connection, Article 36, Vernon's Code of Criminal Procedure, defines who are peace officers:

". . . the sheriff and his deputies, constable, the marshall, or policeman of an incorporated town or city, the officers, noncommissioned officers and privates of the State ranger force, and any private person specifically appointed to execute criminal process." (Emphasis added)

A peace officer making a legal arrest may also make a contemporaneous search of the vehicle for further violations of the law. Baker v. State, 225 S.W.2d 828 (Tex.Crim. 1950); Scott v. State, 114 S.W.2d 565 (Tex.Crim. 1938).

It is, therefore, our opinion that the city marshall may, upon making a legal arrest for a violation of the traffic regulations of this State, make a contemporaneous search for further violations of the law.

But official inspection stations are established by Article 6701d, Sections 140 and 141, et sec., Vernon's Civil Statutes, Sec. 140 (d) of which provides in part:

"The Department may, in its discretion, permit inspection as herein provided to be made by State inspectors under such terms and conditions as the Department may prescribe. . . ."

This Section leaves little doubt but that the statutory authority for safety inspections is confined to official inspection stations and State inspectors of the Department of Public Safety; and that other peace officers are without such authority.

It is also our opinion that Article 6701d is an act relating exclusively to the operation of a vehicle while being driven or moved upon the highways of this State except "where a different place is specifically referred to in a given section," Article 6701d, Section 21, Vernon's Civil Statutes. Therefore, the city marshall does not have the authority under this statute to make an alleged "safety inspection" of the school bus while it is parked on the school gounds or at school facilities.

## S U M M A R Y

Only official inspection stations and State inspectors may perform safety inspections upon motor vehicles, etc.; a city marshall is without such authority.

A city marshall may, upon making a legal arrest, make a contemporaneous search of the vehicle for further violations of the law. Article 6701d, V.C.S., is only applicable to vehicles while driven or moved upon highways except where a different place is specifically referred to.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Charles R. Lind

Charles R. Lind
Assistant Attorney General

CRL:sh

APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman
John Reeves
Tom Peterson
Joseph Trimble
Robert Rowland

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore