The STATE of Texas, Petitioner,

v.

SHOPPERS WORLD, INC., Respondent.

No. A–9930.

Supreme Court of Texas.

May 27, 1964.

Rehearing Denied July 8, 1964.

Sam L. Jones, Jr., Dist. Atty., Corpus Christi, James M. Williamson, Asst. Dist. Atty., Dallas, for petitioner.

Oscar Spitz, Corpus Christi, for respondent.

CALVERT, Chief Justice.

The State of Texas filed this suit to obtain a permanent injunction restraining Shoppers World, Inc., from violating Article 286a, Vernon's Ann.Penal Code, by selling or offering for sale certain merchandise on the consecutive days of Saturday and Sunday. Shoppers World defended on the ground that the sales and offers for sale strictly complied with the emergency purchase exemption contained in Section 4a of that article. The trial court granted the injunction, but its judgment was reversed and the injunction was dissolved by the Court of Civil Appeals, 373 S.W.2d 374.

We affirm the judgment of the Court of Civil Appeals.

The applicable sections of Art. 286a, Vernon's Ann.Penal Code provide:

"Section 1. Any person, on both the two (2) consecutive days of Saturday and Sunday, who sells or offers for sale or shall compel, force or oblige his employees to sell any clothing; clothing accessories; wearing apparel; footwear; headwear; home, business, office or outdoor furniture; kitchenware; kitchen utensils; china; home appliances; stoves; refrigerators; air conditioners; electric fans; radios; television sets; washing machines; driers; cameras; hardware; tools, excluding non-power driven hand tools; jewelry; precious or semi-precious stones; silverware; watches; clocks; luggage; motor vehicles; musical instruments; recordings; toys, excluding items customarily sold as novelties and souvenirs; mattresses; bed coverings; household linens; floor coverings; lamps; draperies; blinds; curtains; mirrors; lawn mowers or cloth piece goods shall be guilty of a misdemeanor. Each separate sale shall constitute a separate offense.

"* * *

"Sec. 4a. When a purchaser will certify in writing that a purchase of an item of personal property is needed as an emergency for the welfare, health or safety of human or animal life and such purchase is an emergency purchase to protect the health, welfare or safety of human or animal life, then this Act shall not apply; provided such certification signed by the purchaser is retained by the merchant for proper inspection for a period of one (1) year."

An agreed statement of facts was submitted to the trial court in accordance with Rule 263, Texas Rules of Civil Procedure. Only those facts material to our decision will be noted. Respondent's store, located in Corpus Christi, is open for business on both Saturday and Sunday. The store sells and offers for sale one or more of the

items enumerated in Art. 286a on the consecutive days of Saturday and Sunday, but on Sunday these items are sold and offered for sale only to those purchasers who will sign a form labeled "Certificate of Necessity." The certificate is prepared in the language of Sec. 4a:

> "I hereby certify that the following item(s) of personal property are needed by me as an emergency for the welfare (————) of human (————) . life;
>
> [here follows a space for listing the items purchased]
>
> and that the purchase of each such item. is an emergency purchase to protect the welfare (————) of human (————) life, and I have so advised Shoppers World, from whom I have purchased such item(s).
>
> ————————
>
> Signature"

At the check-out stand the purchaser lists the items on the certificate, and the cashier employee of the respondent reads this statement to the purchaser:

> "If this purchase is an emergency purchase for the health, welfare or safety of human or animal life, please sign this certificate."

If the purchaser signs the certificate without hesitancy, the sale is made without further explanation or inquiry. If the purchaser refuses to sign, the sale is not made. If the customer is hesitant about signing, the store manager explains that the store is prohibited by law from selling particular items on the consecutive days of Saturday and Sunday unless the purchaser certifies in writing that the item is needed by the purchaser as an emergency for the welfare, health or safety of human or animal life and the purchase is an emergency purchase to protect the health, welfare or safety of human or animal life. The store manager then questions the purchaser about the existence and nature of the emergency. If after the explanation and inquiry the purchaser remains uncertain about signing the certificate, the item or items are not sold but are returned to the store shelves. These certificates are retained at the respondent's store for inspection.

No evidence other than the agreed statement of facts was heard or introduced in the trial court, yet the trial judge found additional facts which, presumably, entered into the judgment. In brief, he found that the certificates of necessity were used as a device for evading the prohibitions of Art. 286a, and that respondent acted in bad faith in having the purchasers sign the certificates. Based upon such findings, the trial court entered judgment permanently enjoining Shoppers World from selling or offering for sale the items enumerated in Art. 286a on the consecutive days of Saturday and Sunday, but the injunction further provided:

> "This injunction does not prevent a sale of any of such enumerated items on the second of two consecutive days of Saturday and Sunday when the purchaser initiates the sale by offering to purchase without a prior offer on the part of the Defendant, Shoppers World, Inc., to sell and the purchaser will certify in writing that a purchase of such items of personal property is needed as an emergency for the welfare, health or safety of human or animal life, which said certification signed by the purchaser is retained by Defendant Shoppers World, Inc., for proper inspection for a period of one year, *and such purchase is, in fact, an emergency purchase to protect the health, welfare or safety of human or animal life believed by Defendant Shoppers World, Inc., after inquiry, on reasonable grounds, in the exercise of good faith, to be such emergency purchase.*" [1]

The Court of Civil Appeals dissolved the injunction on the ground that by includ-

---

1. Emphasis supplied throughout unless otherwise indicated.

ing the emphasized portion in the judgment the trial court had added more onerous conditions to the exemption of Sec. 4a than those imposed by the Legislature.

The disposition of this case turns on the proper interpretation of the provision in Sec. 4a which we repeat:

"When a purchaser will certify in writing that a purchase of an item of personal property is needed as an emergency for the welfare, health or safety of human or animal life *and such purchase is an emergency purchase* to protect the health, welfare or safety of human or animal life, then this Act shall not apply; * * *."

In Crouch v. Craik, Tex., 369 S.W.2d 311, 315, we stated: "The power and authority to interpret Articles 286, 286a and 287 [Vernon's Penal Code] rests solely with the courts of this state exercising criminal jurisdiction." We must confess that the statement is much too broad. It is to be related to the context in which we were writing. The statement was intended to explain our adherence to the rule that courts of equity will take jurisdiction to enjoin *enforcement* of penal laws only in exceptional situations, thus leaving those laws to be interpreted through the criminal trial process whenever possible. The procedure by which this case reaches us does not permit us to relegate the parties to the criminal trial process for interpretation of Art. 286a. Sec. 4 of the Article declares a business operating contrary to its provisions to be a public nuisance, and provides that "any person may apply to any court of competent jurisdiction for and may obtain an injunction restraining such violation of this Act." That legislative direction requires the civil courts to interpret Art. 286a.[2]

The position of the State is that this provision requires that two conditions exist

before the sale of an item listed in Sec. 1 will be exempted from the general prohibition of Art. 286a. First, the purchaser must certify in writing that the item is needed as an emergency for the welfare, health or safety of human or animal life. Second, the purchase must *in fact* be an emergency purchase to protect the health, welfare or safety of human or animal life. The basis of this argument is that by using the conjunction "and" between the two clauses of the provision the Legislature intended to create not only the certification requirement but also the requirement that the emergency exist in fact.

The respondent contends that the provision in clear and unambiguous terms imposes one requirement only—that the *purchaser certify* in writing (1) that the item is needed as an emergency, and (2) that the purchase is an emergency purchase. The position of respondent thus is that once the purchaser has certified that both conditions exist, the seller is free to complete the sale without regard to the existence of an actual emergency. The premise of this argument is that both clauses of the provision follow the words "certify in writing that," and nothing indicates that the clauses should be considered to be making separate, distinct requirements. Alternatively, the respondent argues that if the clause is regarded as ambiguous, the State's interpretation cannot be accepted because that interpretation would render the section unconstitutional.

We hold that the quoted provision is ambiguous and that it must be given the interpretation placed on it by respondent.

The guiding rule of statutory interpretation is to ascertain legislative intent. 53 Tex.Jur.2d 180, Statutes, § 125. When the intent is clear it will be given effect by the courts even to the extent of adding words to the language used by the

2. The Court of Criminal Appeals has held in Ex parte Wilson, 374 S.W.2d 229, that Sec. 5a does not render Art. 286a so in- definite as to invalidate it, but that court has not decided the question presented in this case.

Legislature. See Sweeny Hospital District v. Carr, Tex.Sup., 378 S.W.2d 40. Sometimes, however, legislative intent is elusive and unclear; and in such instances the courts must resort to rules of construction to give meaning to legislative enactments. That is the situation here.

If we could say that the interpretation placed on the quoted language of Sec. 4a by either of the parties was the only reasonable interpretation, we would regard our judicial obligation as at an end and would give the language that meaning. By interpolating the word "that" between the words "and" and "such purchase" in the second clause, the provision could be made to say clearly what respondent contends it now says. By interpolating the word "when" between the words "and" and "such purchase" the provision could be made to say clearly what petitioner contends it now says. Moreover, either revision would make the provision meaningful. Considered either as standing alone or in context with the remainder of the statute, or in pari materia with Articles 286 and 287, we find no clue to legislative intent in the enactment of Sec. 4a which authorizes us to say that the one or the other revision is the only reasonable one. Neither do we find a clue to legislative intent in the legislative history of the enactment.

■ The statute had its origin in Senate Bill No. 35, passed by the First Called Session of the 57th Legislature. See Acts 57th Leg., 1st C.S., ch. 15, p. 38. Sec. 4a was not in the bill when it was introduced in the Senate; it was incorporated in the bill by amendment on third reading in the House of Representatives, and the amendment was adopted by unanimous consent. The language and punctuation of Sec. 4a is exactly as it appeared in the amendment. See House Journal, First Called Session, page 843. Being thus unable to resolve the ambiguity in the section from the only sources available, we turn to rules of construction to resolve it. The controlling rule of construction here is that which requires that a statute not be given the one of two reasonable interpretations which will render it unconstitutional and void. See McKinney v. Blankenship, 54 Tex. 632, 282 S.W.2d 691, 697; 53 Tex.Jur.2d 225, Statutes, § 158.

If Sec. 4a is interpreted as respondent interprets it, the obligations imposed on the seller of items of personal property are clear and definite and the section is constitutional and valid. Under that interpretation, the right to sell or to offer to sell without incurring penal sanctions is conditioned alone and altogether on certification by buyers that items are needed as an emergency for the welfare, health or safety of human or animal life and that the purchase is in fact an emergency purchase to protect the health, welfare or safety of human or animal life. The right to sell or the duty not to sell are thus made to rest on a subjective determination by the purchaser of the emergency nature of the purchase and that it is to protect the welfare, health or safety of human or animal life. If the certificate is made, a sale may be made without fear of criminal punishment. If the certificate is not made, a sale may not be made without risk of criminal punishment.

The situation is quite different if Sec. 4a is interpreted as petitioner interprets it. Under that interpretation the seller must, with respect to every sale, make an objective determination as to whether the purchase is an emergency purchase and whether the items are needed to protect the health, welfare or safety of human or animal life. A sale can never be made without risk of incurring criminal penalties since the statute provides no guides or criteria for making the determination.

■ It is well settled that a penal statute may be so vague and indefinite that it violates the right guaranteed to an accused by Sec. 10, Art. 1, Texas Constitution, Vernon's Ann.St., to "demand the nature and cause of the accusation against him." Griffin v. State, 86 Cr.Rep. 498, 218 S.W. 494;

Ex parte Slaughter, 92 Cr.Rep. 212, 243 S. W. 478, 26 A.L.R. 891. And even if we should accept Bradford v. State, 78 Cr. Rep. 285, 180 S.W. 702, and Baltimore & O. Ry. Co. v. Interstate Commerce Commission, 221 U.S. 612, 31 S.Ct. 621, 55 L. Ed. 878, as authority for saying that Sec. 4a is not void because of the indefinite character of the phrase "emergency purchase," we must nevertheless hold the section void for indefiniteness of the phrase "to protect the * * * welfare * * * of human or animal life."

How can a seller determine whether a purchase is an emergency purchase for the "welfare" of human or animal life? The word "welfare" has a variety of meanings, as respondent points out. Webster's Third New International Dictionary defines "welfare" as "the state of faring or doing well: thriving or successful progress in life: a state characterized esp. by good fortune, happiness, well-being, or prosperity. * * one's condition in regard to health, happiness, or prosperity." It would seem obvious on the face of it that whether any particular purchase is an emergency purchase to protect the happiness or well-being of human life can be determined only subjectively by the purchaser; and that if the section be construed as imposing a duty on the seller to make an objective determination of the matter, he will be subjected to criminal penalties for failing to discharge an impossible obligation. Cases such as Gann v. Keith, 151 Tex. 626, 253 S.W.2d 413, which uphold the validity of statutes as prescribing rules of civil conduct though they may be too indefinite to predicate criminal proscriptions, are not applicable here. Art. 286a is strictly a penal statute, not a statute prescribing a rule of civil conduct. And even though this is a civil proceeding, penal sanctions would be imposed if respondent should violate the injunction and thus be in contempt.

Our holding of indefiniteness is a narrow one. It has been made narrow deliberately. We are not to be understood, however,

as holding or inferring that we would uphold the validity of Sec. 4a if it required only that a seller make an objective determination as to whether a purchase is an emergency purchase. The reasoning in the decisions of the Supreme Court of Kansas in State of Kansas v. Hill, 189 Kan. 403, 369 P.2d 365, 91 A.L.R.2d 750, and the Supreme Court of Missouri in Harvey v. Priest, Mo., 366 S.W.2d 324, would be strongly persuasive against validity. In those cases it was held that Sunday closing laws which excepted sales of articles "of immediate necessity" were invalid for indefiniteness.

It is difficult to conceive of any set of circumstances under which a purchase of most of the articles listed in Section 1 of Art. 286a could be an "emergency purchase" as one would normally interpret that phrase; but by the provisions of Sec. 4a the Legislature has expressly said that a purchase of any of them may be, and it is not in our province to decree otherwise.

In order to uphold the constitutionality of Sec. 4a, we construe the section as requiring as a condition of the right to sell the listed articles on both Saturday and Sunday only a certificate of the purchaser that an item is needed as an emergency for the welfare, health or safety of human or animal life and that the purchase is in fact an emergency purchase to protect the health, welfare or safety of human or animal life. The certificate required by respondent is in strict compliance with the section. The duty is not imposed on respondent to determine whether the certificate is signed in good faith. The agreed facts do not show that respondent has been selling the listed items on both Saturday and Sunday without obtaining the certificate; and there is, therefore, no basis for the injunction granted by the trial court.

The judgment of the Court of Civil Appeals reversing the judgment of the trial court and dissolving the injunction is affirmed.

SMITH, Justice (concurring).

I agree with the judgment, but disagree with the reasons advanced in support thereof. In its effort to uphold the constitutionality of Article 286a, this Court admits that the Act can be held constitutional only by holding that Section 4a of the Act requires a certificate of the purchaser that an item is needed as an emergency for the welfare, health or safety of human or animal life and that the purchase is *in fact* an emergency purchase to protect the health, welfare or safety of human or animal life.

The Court also admits that its holding of "indefiniteness is a narrow one." The Court then protects itself by candidly stating that "[We] are not to be understood, however, as holding or inferring that we would uphold the validity of Sec. 4a if it required only that a seller make an objective determination as to whether a purchase is an emergency purchase."

It seems to me that the true question should be faced. The paramount question is whether we are going to hold Article 286a valid, as the Court has here, and thereby legalize a pure subterfuge designed to permit the violation of Articles 286[1] and 287[2] of Vernon's Annotated Penal Code.

To hold that Section 4a[3] of Article 286a is valid is to destroy the effectiveness of Article 286. The holding by this Court renders inoperative Article 286, and renders futile any attempt to prosecute violations of Article 286, supra. There can be nothing but chaos and confusion as long as Article 286a is a part of the statutory law. Apparently the Legislature needs to face the issue as well as the Courts. Does Texas really want a "Sunday Closing Law"? Is Texas ready to recognize the reasons as to why some merchants do not recognize Sunday as a holiday? Are we to continue Article 286, supra, and enforce it as it is written? Texas should make up its mind and determine the basic question: Are we going to have a Sunday Closing Law which can be enforced, if we hold Article 286a unconstitutional?

It is argued that whether or not Texas should have a "Sunday Closing Law" is *not* before this Court and that, therefore, we are not concerned with the validity of Article 286, supra. I recognize that to enact a "Sunday Closing Law" is solely within the prerogative of the Legislature, but I contend that the argument the respondent has advanced to demonstrate the unconstitutionality of Article 286a is unanswerable.

1. "Any merchant, grocer, or dealer in wares or merchandise, or trader in any business whatsoever, or the proprietor of any place of public amusement, or the agent or employé of any such person, who shall sell, barter, or permit his place of business or place of public amusement to be open for the purpose of traffic or public amusement on Sunday, shall be fined not less than twenty nor more than fifty dollars. The term place of public amusement, shall be construed to mean circuses, theaters, variety theaters and such other amusements as are exhibited and for which an admission fee is charged; and shall also include dances at disorderly houses, low dives and places of like character, with or without fees for admission. Act. Dec. 2, 1871, Acts 1883, p. 66, Acts 1887, p. 108."

2. "The preceding Article shall not apply to markets or dealers in provisions as to sales of provisions made by them before nine o'clock A.M., nor to the sales of burial or shrouding material, newspapers, ice, ice cream, milk, nor to any sending of telegraph or telephone messages at any hour of the day or night, nor to keepers of drug stores, hotels, boarding houses, restaurants, livery stables, bath houses, or ice dealers, nor to telegraph or telephone offices, nor to sales of gasoline, or other motor fuel, nor to vehicle lubricants, nor to motion picture shows, or theatres operated in any incorporated city or town, after one o'clock P.M."

3. "When a purchaser will certify in writing that a purchase of an item of personal property is needed as an emergency for the welfare, health or safety of human or animal life and such purchase is an emergency purchase to protect the health, welfare or safety of human or animal life, then this Act shall not apply; provided such certification signed by the purchaser is retained by the merchant for proper inspection for a period of one (1) year."

The respondent in its answer, filed in this cause urged that Article 286a, supra, was unconstitutional and that the state's suit for injunction should be abated and dismissed on the grounds that:

"(a) That said statute is illegal, unconstitutional and void in that it purports to prohibit the conduct by Defendant of a lawful business, thereby depriving this Defendant of its property and privileges without due process of law, contrary to Article I, Section 19, Constitution of the State of Texas.

"(b) Said statute is illegal, unconstitutional and void in that it is unduly oppressive to the conduct of lawful business by this Defendant, thereby constituting a deprivation of this Defendant's property, privileges and immunities without due process of law, contrary to Article 1, Section 19, Constitution of the State of Texas.

"(c) Said statute is illegal, unconstitutional and void in that it purports to declare as a public nuisance per se the conduct of a lawful business by this Defendant which is not a public nuisance per se, thereby depriving this Defendant of its property, privileges and immunities without due process of law, contrary to Article 1, Section 17, Constitution of the State of Texas.

"(d) Said statute is illegal, unconstitutional and void in that it purports under the guise of a police regulation to make an arbitrary discrimination against this Defendant in the pursuit of a lawful occupation and business, contrary to and in violation of Article 14, Section 1, Constitution of the United States, which provides that 'no state shall deny to any person within its jurisdiction the equal protection of the law.'

"(e) That said statute is illegal, unconstitutional and void, in that it purports to abridge the privileges of this Defendant to conduct and operate a lawful business, in violation of and contrary to Article 14, Section 1 of the Constitution of the United States, which provides that 'no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States.'

"(f) Said statute is illegal, unconstitutional and void in that it purports to deprive this Defendant of its property without due process of law, contrary to Article 14, Section 1 of the Constitution of the United States, which provides that 'nor shall any State deprive any person of life, liberty or property, without due process of law.'

"(g) That said Statute is illegal, unconstitutional and void in that it purports to take property belonging to this Defendant, without Defendant's consent, and without adequate compensation being made, contrary to Article 1, Section 17 of the Constitution of the State of Texas.

"(h) That said statute is illegal, unconstitutional and void in that it purports to authorize the damaging of this Defendant's property without adequate compensation being made, and against this Defendant's consent, contrary to Article 1, Section 17 of the Constitution of the State of Texas.

"(i) That said statute is illegal, unconstitutional and void in that it purports to authorize the application of this Defendant's property to public use without adequate compensation being made, and without the consent of Defendant, contrary to Article 1, Section 17 of the Constitution of the State of Texas.

"(j) That said statute is illegal, unconstitutional and void in that it purports to prohibit the sale of certain specified listed items of goods, wares and merchandise usually carried by discount department stores which sell goods, wares and merchandise to the

general public at discount prices substantially below the prices charged for similar merchandise by retail businesses generally which operate in the City of Corpus Christi, Texas, and in the State of Texas, and in so attempting to discriminate against such discount type of operations, said statute is violative of due process of law and contrary to Article 14 of the Constitution of the United States and Sections 17 and 19 of Article 1 of the Constitution of the State of Texas."

It is my position that Article 286a, supra, is an irredeemable violation of the Constitutions of the United States and the State of Texas. Of course Article 286 has been left as a part of the law for many years, but the enactment of Article 286a has pointed up the unconstitutionality of the entire statutory scheme of Sunday closing in Texas. Although Article 286 has been held constitutional, in a sense the Legislature has from time to time recognized that it was necessary to enact legislation either repealing or modifying Article 286. The Legislature has chosen the latter course only to bring about hopeless confusion. This Court by its decision has not resolved the question.

It is my view that Article 286a is unconstitutional and should be so held by this Court. The Respondent argues that:

"The Texas Legislature avoided the taint of unconstitutionality in Article 286a, Penal Code, by providing for a *subjective test* on the part of the purchaser, to be evidenced by a written certificate. Except for this escape valve of a *subjective determination by the purchaser,* Article 286a, Texas Penal Code, would be as wholly inoperative and void as being violative of due process as are the Missouri and Kansas Sunday Closing Laws as a result of the definite pronouncements of the highest judicial tribunals of those States. The Texas Legislature avoided the trap, and provided for the *purchaser's subjective determination*

*test* of Section 4a of Article 286a, Penal Code. Accordingly, this Texas Penal Statute is constitutional and valid."

I cannot agree. The entire Act, let alone Section 4a, is so indefinitely framed and of such doubtful construction that its tests of enforcement are, of necessity, subjective rather than objective, thereby violating the fundamental guarantees of due process of law granted in the Texas and United States Constitutions. For example, the meaning of "any person" in Section 1 does not apply to corporations by virtue of provisions of our Penal Code and an opinion of the Attorney General of Texas. That opinion, Number WW–1450, held:

"Section 1 of Article 286a * * * applies to any person, and provides that a violation thereof is a misdemeanor offense. *This section cannot* apply to corporations * * *." (Emphasis added). Furthermore, Article 286a does not create a penal offense which can be committed by an employee of a natural person nor does it create an offense which can apply to a corporation or its employees.

It should be noted that no definitions are given of the words "certify," "emergency," "welfare," "health," "safety," "human life" or "animal life," contained in Section 4a. This section uses the term "emergency" but provides no standard by which the existence of an emergency may be gauged. "Emergency can mean different things to different people depending upon the manner of its use, whether it is being used in tort law or is used in a contract." See In Re: Tschoepe et al., 13 F.Supp. 371, District Court Southern District, Corpus Christi, 1936.

I call your attention to the last sentence of Section 4a, which reads: "Provided such certification signed by the purchaser is retained by the merchant for proper inspection for a period of one (1) year." Thus, depending on which way the Court holds, Section 4a either places the merchant in the unenviable position of being subject to criminal prosecution if his concept of

emergency varies from that of local law enforcement officials, or the purchaser is subjected to the embarrassment of signing an untrue certificate. Neither result should obtain. This Court's holding jeopardizes the freedom of the purchaser, but allows the merchant to go free, although his statement of policy[4] in regard to Article 286a is clearly designed to mislead the purchaser into believing that he would be violating no law by signing the certificate. The entire statement of policy is calculated to lead the purchaser into a trap, and under this Court's construction, the purchaser cannot be prosecuted nor can the merchant be reached by the enforcement officers. What is the average person, who desires to purchase a useful article on Sunday, going to do when he construes an advertisement to mean that he may purchase items *covered* by law if he signs a certificate of necessity that his purchase is needed as an emergency for his own *welfare*? Naturally, the purchaser, under such belief, will agree with the merchant that a law which requires the signing of a certificate is "unfair and contrary to the American way of life, * * *."

It is true that the merchant in this case professed allegiance to the law until "*you change it.*" However, the record in this case shows that an average of approximately fifteen (15), out of a total number of Sunday purchasers substantially in excess of 200, indicated hesitancy or doubt about signing the certificate. In view of the failure of the law to define welfare, emergency, etc., together with the statement of policy announced by the merchant, I am constrained to believe that those who signed were not intentionally signing untrue certificates, but were misled or trapped into aiding the merchant in making a sale. Granting that the merchant was acting within the law, it is unescapable that the law declared in 286a is shocking and should be stricken down. We have a situation where the law apparently attempts the imposition of an objective test on the merchant to make an objective determination as to whether any purchase is an emergency purchase, and where the law also provides that the test of the exemption shall be the subjective test of the purchaser's determination of the existence of an emergency. However, it conclusively appears that the statute under consideration is so vague and indefinite that men of common intelligence must guess as to its meaning and differ as to its application. We have a difference of opinion as to the meaning and application of the Act. I would apply the rule announced in Ex parte Chernosky, Criminal Appeals, 1949, 217 S.W.2d 673:

> "A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application lacks the first essential of due process of law. * * *."

Aside from the reasons advanced thus far as to why Article 286a is unconstitutional, I briefly add that Article 286a is unconstitutional because the caption of the Act is fundamentally defective for either or both of the following reasons:

(a) Although Article 286a presumes to be a penal statute, there is no mention of penalties in the caption.

4. "YOU MAY PURCHASE ITEMS COVERED BY LAW:
   "If you sign a certificate of necessity that your purchase is needed, as an emergency for either the health, Welfare, or Safety of Human or Animal Life.
       *     *     *     *     *
   "WE ASK THAT YOU COOPERATE WITH US IN OUR COMPLIANCE WITH THE NEW SUNDAY BLUE

LAW, WHICH IS ADMITTEDLY AND DELIBERATELY DESIGNED TO LESSEN YOUR OPPORTUNITY TO SAVE AT DISCOUNT STORES SUCH AS SHOPPERS WORLD, A LAW WHICH WE DISAPPROVE OF AS UNFAIR AND CONTRARY TO THE AMERICAN WAY OF LIFE, BUT NEVERTHELESS, A LAW WHICH WE MUST AND WILL OBEY UNTIL YOU CHANGE IT!"

(b) Although Article 286a amends portions of Articles 286 and 287, Vernon's Annotated Penal Code, there is no mention of its amendatory provisions in the caption.

In conclusion I adopt the summation contained in the brief of Amicus Curiae, Jay S. Fichtner, an attorney of Dallas, Texas:

"Vagueness, indefiniteness and ambiguity pervades the whole of Article 286a itself; Section 1 does not even begin to make clear as to whom the Act applies, though it seems on its face to apply only to natural persons who are employers; Section 4a refers to 'emergency certificates', yet no standards are given by which either "health", 'welfare', 'safety' or 'emergency' are to be measured or judged. People must necessarily guess as to whether they are covered by the Act; further they are unconscionably forced to speculate as to whether the 'emergency' on any given 'emergency certificate' is enough of an 'emergency' to comply with the provisions of Section 4a. An 'emergency' to one may not be to another; and what is 'healthy', 'safe', or for the 'welfare' of one may not be for another. But Article 286a forces the seller *in every case,* (in the absence of omniscience) to guess at both the meaning of the terms of the 'emergency certificate' and their application to the immediate sale; and this on pain of fine and imprisonment if the guess of his peers at a later trial differs from his own. Such a statute does not begin to meet the requirements of due process of law under the Constitution of both the United States and the State of Texas.

"But the vagueness and ambiguity is not confined to Article 286a itself; it is inherent in the effect Article 286a has upon Articles 286 and 287. A person who does what is prohibited in Section 1 is subjected to criminal and civil sanctions under 286a; but if he accepts an 'emergency certificate', Article 286a *does not apply* to his conduct, with the unhappy result that if the transaction is on a Sunday he has violated Article 286. And since the amendatory effect of Article 286a upon Articles 286 and 287 is invalidated because not mentioned in the Caption, Articles 286 and 287 *still apply to the sale at the same time Article 286a applies;* this problem is not solved by any implied repeal, since the legislature in Section 5a of Article 286a expressly states its intent *not* to repeal Articles 286 and 287. Thus Article 286a not only fails to state what acts are permitted and what acts are interdicted, but also lures the unsuspecting merchant into the withering cross-fire of Articles 286 and 287. Such a capricious, equivocal and arbitrary statute must not be allowed to stand."

For the reasons stated, I would strike down the statute, and dissolve the injunction granted by the trial court.