

# THE ATTORNEY GENERAL

# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

July 24, 1967

Hon. D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Dear Mr. Greer:

Opinion No. M-108

Re: Validity of appropriation to the Texas Highway Department to construct and maintain railroad protective devices.

Your request for an opinion on the above subject matter concerns the validity of Item 22 of Article III of the Appropriation to the Highway Department contained in Senate Bill 15, Acts of the 60th Legislature, Regular Session, 1967 (appropriation for the year ending August 31, 1968). Item 22, above referred to, reads as follows:

For the Year Ending
August 31, 1968

"In addition to other State funds expended for similar purposes under previously existing policy, there is hereby provided from the State Highway Fund for joint participation by the Texas Highway Department and the respective railroad companies operating in the State a sum of moneys to be expended and administered by the Texas Highway Department under rules and regulations established by it for the welfare and safety of the traveling public to construct and maintain grade crossing protective devices on Federal, State and County highways and City streets on the distribution formula heretofore established by the Texas Highway Department applicable to the construction of such grade crossing protective devices on State highways, and directing the Department to develop standards and criteria for the proper

- 493 -

priority allocation of such funds to
specific grade crossings demanding the
installation anu maintenance based upon
incidence of automotive and train traffic
at the crossing, accident experience,
observation obstruction and other,
designed to foster and establish a
consistent and orderly program to
eliminate hazards to the public
on the public highways, roads and
streets in the State and provided
that in arriving at costs payable
by the State for the construction
and maintenance provided herein,
payment may be made by the Depart-
ment to qualified recipients by fixed
sum determined on a formula basis or
otherwise under such rules and regu-
lations as the Department may es-
tablish with a view toward simplifi-
cation of the auditing and accounting
involved; such sum established to be
expended only for the state purposes
and to be                                              $1,500,000"

General legislation cannot be embodied within a general appropriation bill. Moore vs. Sheppard, 144 Tex. 537, 192 S.W.2d 599 (1946). However, a general appropriation bill may contain general provisions and details limiting and restricting the use of funds therein appropriated if such provisions are necessarily connected with and incidental to the appropriation and use of funds if they do not conflict with or amount to general legislation. Conley vs. Daughters of the Republic, 106 Tex. 80, 156 S.W. 197 (1913).

A general appropriation bill cannot repeal, modify or amend an existing general law. Linden vs. Finley, 92 Tex. 451, 49 S.W. 578 (1899); State vs. Steele, 57 Tex. 203 (1882).

Appropriations must be supported by pre-existing law. Austin National Bank vs. Sheppard, 123 Tex. 272, 71 S.W.2d 242 (1934); Fort Worth Cavalry Club vs. Sheppard, 125 Tex. 339, 83 S.W.2d 660; State vs. Steck Co., 236 S.W.2d 866 (Tex.Civ.App. 1951, error ref.).

The foregoing principles applicable to appropriations by the Legislature are discussed in more detail in Attorneys General opinions V-1253 (1951), V-1254 (1951) and WW-96 (1957). In determining the validity of Item 22 above quoted, we must examine the pre-existing law applicable to the Texas Highway Department applying the foregoing principles of constitutional law summarized above.

Broad powers and authority have been given the Texas Highway Department to maintain the various state highways in Texas by the provisions of Title 116 of the Revised Civil Statutes of Texas, 1925, (Articles 6663 through 6701k, Vernon's Civil Statutes).

In construing the provisions of Article 6701d, Vernon's Civil Statutes, the Supreme Court stated in Gann vs. Keith, 253 S.W.2d 413, 417 (1952);

". . .Article 6701d.is a very comprehensive law, and the act shows upon its face that it was intended as a comprehensive code for the regulation of traffic on highways, and was considered by the Legislature as both a civil and a criminal statute. The intent of the Legislature is clearly shown by Section 154, which reads: 'This Act may be cited as the Uniform Act Regulating Traffic on Highways.' The Act shows that it was intended to cover and regulate traffic in every respect on the highways of the State. . . ."

Section 30 of Article 6701d specifically authorizes the State Highway Department to place and maintain traffic control devices upon all state highways as it may deem necessary to regulate warn or guide traffic. The highway system includes not only state highways outside the corporate limits of cities and towns, but also includes such roads and streets specifically designated by the Department as a part of the highway system. Attorneys General opinions V-1115 (1950), V-1514 (1952) and WW-1486 (1962).

In view of the foregoing, it is our opinion that Item 22 of the appropriation to the Texas Highway Department contained in Senate Bill 15, Acts of the 60th Legislature, Regular Session, 1967, for the year ending August 31, 1968, constitutes an appropriation supported by pre-existing law for the purpose of enabling the Texas Highway Department to carry out a portion of its duties imposed by law. You are therefore advised that such item of appropriation is constitutional and valid. Therefore, such funds may be expended for grade crossing protective devices on those crossings on highways, roads and streets officially designated by the Texas Highway Department as a part of the highway system.

## SUMMARY

Item 22 of the appropriation to the Texas Highway Department contained in Senate Bill 15, Acts of the 60th Legislature, Regular Session, 1967, for the year ending August 31, 1968, is

constitutional and may be expended for the purposes named therein on those graded crossings on such highway roads and streets officially designated by the Department as a part of the highway system.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. O. Shultz
Watson Arnold
Ben Harrison
Tom Thurmond

A. J. CARUBBI, JR.
Staff Legal Assistant