

# The Attorney General of Texas

November 18, 1977

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Archie G. Wilder
County Attorney - Wilson County
P. O. Box 398
Floresville, Texas   78114

Opinion No. H-1094

Re:  Boundaries of the
Wilson County Hospital
District.

Dear Mr. Wilder:

You have requested our opinion regarding the boundaries
of the Wilson County Memorial Hospital District, whose creation
was authorized by the 65th Legislature.  Senate Bill 1188,
V.T.C.S. art. 4494q, Acts 1977, 65th Leg., ch. 511, at 1293,
provides in Section 1:

> In accordance with the provisions of
> Article IX, Section 9 of the Texas
> Constitution, this Act authorizes the
> creation, establishment, administration,
> maintenance, operation, and financing of
> a hospital district within this state,
> the boundaries of which shall include
> all of the land or territory in Wilson
> County, Texas, to be known as Wilson
> County Memorial Hospital District with
> the rights, powers, and duties as pro-
> vided in this Act.

(Emphasis added).  A portion of Wilson County was previously
included in the Nixon Hospital District.  Acts 1965, 59th Leg.,
ch. 644, at 1461.  The statutes authorizing the creation of
both hospital districts recite the limitation imposed by
article 9, section 9 of the Texas Constitution, which provides
that, after the creation of a hospital district,

> no other municipality or political
> subdivision shall have the power to
> levy taxes or issue bonds or other
> obligations for hospital purposes or
> for providing medical care within the
> boundaries of the district . . . .

See Moore v. Edna Hospital District, 449 S.W.2d 508 (Tex. Civ. App. -- Corpus Christi 1969, writ ref'd n.r.e.).

Before the creation of any hospital district may be authorized by the Legislature, article 9, section 9 requires "thirty (30) days' public notice to the district affected." In compliance therewith, a "Notice of the Intention to Apply for an Act creating the Wilson County Memorial Hospital District" was filed by the County Judge on February 14, 1977, following approval by the Wilson County Commissioners Court. The notice states:

> TO THE RESIDENTS OF WILSON COUNTY, TEXAS AND ALL OTHER INTERESTED PARTIES:
>
> PLEASE TAKE NOTICE that after due publication hereof, the undersigned intend to apply to the Texas Legislature at its regular session in 1977 for the passage of an Act authorizing the creation of a Hospital District with boundaries coextensive with the boundaries of Wilson County which are not included in another Hospital District under the authority granted by Article IX, Section 9, of the Texas Constitution, the general purposes and nature of such Act being expressed as follows:
>
> "AN ACT relating to the creation, establishment, administration, maintenance, operation and financing of the Wilson County Memorial Hospital District of the Wilson County, Texas, under Article IX, Section 9 of the Texas Constitution; and declaring an emergency."

(Emphasis added). This notice was available to the Senate Intergovernmental Affairs Committee during its consideration of Senate Bill 1188.

Senate Bill 1188 purports to prohibit any other political subdivision in Wilson County from levying taxes or issuing bonds for the purpose of providing medical care. Such a result, in order to avoid the constitutional prohibition against double taxation, would first require the dissolution of the Nixon Hospital District, which the Legislature may constitutionally effect only by affording a process for "determining the desire of a majority of the qualified voters within the district to dissolve it." Since the Legislature may neither unilaterally dissolve the Nixon Hospital District nor permit simultaneous

taxation by both districts in the overlapping portion of Wilson County, we believe that Senate Bill 1188 should be construed so as to include within the Wilson County Memorial Hospital District only those portions of Wilson County which are not included within the Nixon Hospital District.  It is well established that a statute should be construed, if reasonably possible, so as to render it constitutional.  State v. Shoppers World, Inc., 380 S.W.2d 107, 111 (Tex. 1964); McKinney v. Blankenship, 282 S.W.2d 691, 697 (Tex. 1955).  Furthermore, we believe that such a conclusion is in accord with the legislative intent, as evidenced by the "Notice of Intention" filed by the County Judge.  Thus, it is our opinion that the Wilson County Memorial Hospital District includes all of Wilson County except those portions previously included within the Nixon Hospital District.

## S U M M A R Y

The Wilson County Memorial Hospital District includes all of Wilson County except those portions previously included within the Nixon Hospital District.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst