

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 20, 1971

Hon. Everett L. Anschutz            Opinion No. M-941
Executive Secretary
Employees Retirement System         Re: Constitutionality of
  of Texas                              S. B. 216 and H. B.
Capitol Station                         862, Acts 62nd Leg.,
Austin, Texas    78711                  R. S., 1971, wherein
                                        they encompass types
                                        of service not pre-
                                        viously creditable
                                        under the State Em-
                                        ployees Retirement
Dear Mr. Anschutz:                      System.

        We quote from your letter requesting an opinion from
this office as follows:

        "This office has reviewed the provisions of
        S.B. 216 and H.B. 862, Acts of the 62nd Legisla-
        ture, Regular Session, 1971. Each of these Acts
        authorizes credit for service not previously re-
        cognized as creditable service in the Employees
        Retirement System of Texas.

        "We have carefully reviewed your previous
        Opinions M-95 dated July 16, 1967, and M-830
        dated April 7, 1971. In each of these opinions
        you have discussed the constitutional limitations
        upon crediting service in the various public re-
        tirement systems.

        "In view of your previous opinions, we re-
        spectfully request your official opinion as to
        the constitutionality of those provisions of
        S.B. 216 and H.B. 862 which encompass types of
        service not previously creditable under the
        State Employees Retirement System. Additionally,
        we request your opinion as to whether or not a
        conflict exists between these bills as they
        relate to employees and elective officials paid
        by counties."

-4589-

Section 1 of Senate Bill 216 (Acts 62nd Leg., R.S. 1971, ch. 355, p. 1331) amends Sec. 4, Article 6228a, Vernon's Civil Statutes (Employees Retirement System of Texas) by adding Subsection H providing that any contributing member of the System, upon completing the required number of months of contributing service necessary to establish previous service, as provided for in the Act establishing such Employees Retirement System, shall be eligible to claim credit for the following service: 1. Service in the State of Texas as a Criminal District Attorney or as a County Attorney performing the duties of a District Attorney, upon the payment of certain contributions, penalties and fees required. 2. Service as a Board Member of a statutory Texas State Department, agency or commission having statewide jurisdiction, the employees of which under requirements of law, are members of the Employees Retirement System, (with certain provisos not pertinent to this inquiry), and 3. Judicial service as a commissioner, judge, or justice of a District Court, Criminal District Court, Court of Civil Appeals, Court of Criminal Appeals, or Supreme Court of this State.

Section 2 of said Senate Bill 216 further amends Section 3, Subsection E of Article 6228a, to provide that any person who was an Elective State Official and who has served in the Legislature of the State of Texas and who has not less than eight years creditable service may become a member of the Employees Retirement System by paying certain sums of money into such system, provided that at the time the person elects to become a member, that person is employed by the State of Texas.

Section 1 of House Bill 862 (Acts 62nd Leg. R.S. 1971), also amends Section 4, Article 6228a, V.C.S., (Employees Retirement System of Texas) by adding a new Subsection J allowing a member of the System (1) to claim creditable service of employment by the State in any position in which his duties, responsibilities and terms of employment were established by the State or any agency or department of the State but his compensation was paid by the county, unless such service was simultaneously credited to another retirement system or program of this State, and, (2), that a member may claim such services during which he was a county attorney unless such service is or was simultaneously credited by another Retirement System of the State.

The provisions of the Constitution and statutes

applicable to the foregoing Acts are listed as follows:

In 1936 an amendment designated as Section 48a was added to Article III of the Constitution, which is now commonly called the Teachers Retirement Amendment. The Legislature gave effect to this amendment by enacting legislation now reflected in Article 2922-1, Vernon's Civil Statutes, which defines those who are entitled to the benefits of the Teachers Retirement System.

Ten years later, in 1946, an Amendment was adopted which is Section 62 of Article XVI of the Texas Constitution, authorizing the legislature, in Subsection (a) thereof, to provide a Retirement Disability and Death Compensation Fund for the appointive Officers and employees of the State, and, in Subsection (b) thereof, giving counties the right to provide for and administer a Retirement, Disability and Death Compensation Fund for the appointive officers and employees of the County. This Amendment provided for matching contributions by the State to the State Employees Fund, and matching contributions by each participating county to the Fund for its appointive officers and employees, with the proviso that the recipient of benefits from each such Fund should not be eligible for any other pension retirement funds unless the Fund so provided in the Amendment is released to the State of Texas as a condition to receiving such other pension aid. This Amendment was made effective by a legislative act which as amended, now appears as Article 6228a. This statute defines an employee as "any regularly appointed officer or employee in a department of the State," and excludes "any person who is covered by the Teacher Retirement System of the State of Texas or any retirement system supported with State Funds other than the Texas Employees Retirement System."

In 1949, Article 6228c, Vernon's Civil Statutes, was enacted providing for joint creditable service between the Teachers Retirement System and the State Employees Retirement System. This statute gave rise to the lawsuit culminating in the decision of the Supreme Court of Texas in Farrar v. Board of Trustees, of Emp. Retirement System of Texas, 150 Tex. 572, 243 S.W.2d 688 (1951) holding, in part, that the provisions in said Article 6228c for transfer of funds from the Teachers Retirement Fund to the State Employees Retirement Fund, and vice versa, for eventual disbursement to the members of such Funds concerned, was unconstitutional, as it was the intent of both the Legislature and the adopters

of the Amendment that the retirement systems were created to keep teachers in their field and state employees on the job in their field. The Court reiterated the principle that the controlling guide in giving effect to the constitutional amendment was the intention of the makers and adopters to prevent encroachment or the merging or blending of one retirement system upon another. The Court thus held the systems should be kept separate in this respect "... until the Constitution is amended to permit it." 243 S.W.2d 694.

In 1954 Article XVI of the Constitution was amended by the addition of Section 63 which provided mutual credit for prior service in either of such Systems, the very thing the Farrar decision had abrogated in 1951.

This office rendered its Opinion No. M-95 (1967), and No. M-830 (1971), denying previous legislative service and service as a county judge, or service as a judge of a Court of Domestic Relations or a Juvenile Court as creditable service under the Judicial Retirement Act. This involved construction of judicial retirement under Section 1a of Article V of the Constitution of Texas, which is not here involved. Consequently, these opinions are distinguishable from the question now posed regarding the construction of Article XVI, Section 62 of the Texas Constitution, which expressly permits the Legislature to allow retirement privileges and benefits, which would include classifications of service as credit under the State Employees Retirement System to officers and employees of the State and Judicial Districts.

Again, Article XVI, Section 62, was further amended in 1958, 1966 and 1968, and now appears as follows, insofar as the parts thereof material to this inquiry are concerned:

"Sec. 62. (a) The Legislature shall have the authority to levy taxes to provide a State Retirement, Disability and Death Compensation Fund for the officers and employees of the state, and may make such reasonable inclusions, exclusions, or classifications of officers and employees of this state as it deems advisable. The Legislature may also include officers and employees of judicial districts of the state who are or have been compensated in whole or in part directly or indirectly by the state,

and may make such other <u>reasonable inclu-</u>
<u>sions, exclusions, or classification of</u>
<u>officers and employees of judicial districts</u>
<u>of this state as it deems advisable.</u> Persons
<u>participating in a retirement system created</u>
<u>pursuant to Section 1-a of Article V of this</u>
<u>Constitution shall not be eligible to parti-</u>
<u>cipate in the Fund authorized in this sub-</u>
<u>section;</u> and persons participating in a retire-
ment system created pursuant to Section 48-a
of Article III of this Constitution shall not
be eligible to participate in the Fund authorized
in this subsection except as permitted by Section
63 of Article XVI of this Constitution. Provided,
however, any officer or employee of a county as
provided for in Article XVI, Section 62, Sub-
section (b) of this Constitution shall not be
eligible to participate in the Fund authorized
in this subsection, except as otherwise pro-
vided herein. The amount contributed by the
state to such Fund shall equal the amount paid
for the same purpose from the income of each
such person, and shall not exceed at any time
six per centum (6%) of the compensation paid
to each such person by the state.

"<u>There is hereby created</u> as an agency of
the <u>State of Texas the Employees</u> Retirement
<u>System of Texas, the rights of membership in</u>
<u>which, the retirement privileges and benefits</u>
<u>thereunder, and the management and operations</u>
<u>of which shall be governed by the provisions</u>
<u>herein contained and by present or hereafter en-</u>
<u>acted Acts of the Legislature not inconsistent</u>
<u>herewith. ...</u>" (Emphasis added.)

Your first inquiry concerns the Constitutionality
of the provisions of Senate Bill 216 and House Bill 862
which encompass types of service not previously creditable
under the State Employees Retirement System. We find no
constitutional prohibition against permitting the employees
to be granted such credit in the Employees Retirement System,
and we note that the Constitution above quoted authorizes
the Legislature to enact laws pertaining to privileges and
benefits of the System. In interpreting the Constitution,
we are required to give a liberal construction to carry out

the beneficent purposes of retirement and to avoid a narrow or technical construction in favor of an equitable and fair interpretation. 12 Tex. Jur.2d 364, Constitutional Law, Sec. 16.

We will consider each type of service in sequence in the order they appear in the questioned Bills, beginning with Senate Bill 216.

1. SERVICES AS A CRIMINAL DISTRICT ATTORNEY OR COUNTY ATTORNEY PERFORMING DUTIES OF DISTRICT ATTORNEY.

Both of these named officers may be said to be indirectly compensated by the State even though they are paid a salary by the county, because of the provisions of Section 6(a) of Article 3912e, Vernon's Civil Statutes, relating to apportionment of State funds appropriated for counties wherein the officials are paid on a salary basis. The services rendered by such officers to the State are identical to those performed by District Attorneys paid entirely by the State from the General Revenue Fund and who are classified as members of the State Employees Retirement System by Section 3.B 1., Vernon's Civil Statutes. In no sense are the limitations imposed by the Farrar decision violated by the giving of such credit for service. It is in no way antagonistic to the dominant purpose of the System expressed as being to encourage seasoned and experienced officers to remain at their posts, i.e., to continue in the service of the State doing the same general type of work. No question of a transfer of funds from one of such systems to the other is raised by the two Bills now before us. Both Bills specifically provide for the crediting of such prior service only in cases where such service is not being credited to another retirement system.

In view of the foregoing, we believe the Legislature, acting within the scope of the reasonable discretionary power given it by Section 62(a) of Article XVI of our Constitution to make such reasonable inclusions, exclusions or classifications of officers and employees of this State as it deems advisable, was fully empowered to authorize such previous service to the State to be accredited to the retirement time of contributing members of the State Employees Retirement System.

2.   SERVICE AS A STATE BOARD MEMBER, ETC.

Attorney General's Opinion M-470 (1969) construed the word "officers" as used in Article 6228a, Vernon's Civil Statutes, to be deemed a word connoting duration, tenure and exercise by the individual of a part of the sovereignty of the State of Texas.

On the basis of this definition, it is our opinion that those individuals who have served as State Board members are officers as that term is used in Section 4A of Article 6228a and are consequently entitled to receive credit under the provisions of Subsection "H2", Section 4, Article 6228a for such service to the length of service required for retirement under the provisions of the Employees Retirement System of Texas.

3.   JUDICIAL SERVICE AS COMMISSIONER, JUDGE, OR JUSTICE OF A DISTRICT COURT, CRIMINAL DISTRICT COURT, COURT OF CIVIL APPEALS, COURT OF CRIMINAL APPEALS, OR SUPREME COURT OF THIS STATE.

**Article V**, Section 1-a of the Constitution of Texas, as last amended in 1965, provides, in part, as follows:

> "Subject to the further provisions of this Section, the Legislature shall provide for the retirement and compensation of Justices and judges of the Appellate Courts and District and Criminal District Courts on account of length of service, age and disability, and for their reassignment to active duty where and when needed."

Pursuant to this constitutional amendment, Article 6228b, Vernon's Civil Statutes (Judicial Retirement System) was enacted which in Section 1 (b) of the Act defines "Judge" and "Judges" to "include all Commissioners, Judges and Justices of the Appellate Courts, Judges of District Courts, and Criminal District Courts, and none others."  The addition of Subsection "H3" to Section 4 of Article 6228a, Vernon's Civil Statutes, has the effect of allowing service as a commissioner, judge or justice of a district court, criminal district court, court of civil appeals, court of criminal appeals or supreme court of this State to be credited for retirement purposes to the length of service of a person participating in the State Employees Retirement System

operating by authority of Article XVI, Section 62(a) of the Constitution of Texas, and Article 6228a, (Employees Retirement System of Texas) provided that such person is not simultaneously receiving credit in another retirement system. Any present participant or member of the retirement system created pursuant to Section 1-a of Article V of the Constitution is not eligible to participate in the State Employees Retirement Fund. This constitutional and statutory prohibition, however, is directed against one who is still participating in or who is a present member of the Judicial Retirement System, and does not prevent one who is now a member of the State Employees Retirement Fund from utilizing his previous service as a judge, justice or commissioner as a credit for retirement purposes under the State Employees Retirement System, provided that he has resigned and withdrawn from the Judicial Retirement System and is a non-participant therein, as a member retiree, or presently related to it. The Constitutional prohibition reaches only participants; it does not extend to a member of the State Employees Retirement fund who becomes a non-participant in any other state retirement fund.

It must be assumed that the makers and adopters of the constitutional amendment had a valid purpose in amending the existing Article. The language used must be given its ordinary meaning. To hold that Subsection "H3" is unconstitutional, it would be necessary to find that neither the makers or adopters of Article XVI, Section 62, intended that words used were to have their normal and ordinary meaning. Such an interpretation would strain the credibility as the amendment only prohibits present and not past participation in the Judicial Retirement System.

4. A PERSON HAVING BEEN AN ELECTIVE STATE OFFICIAL AND HAVING SERVED IN THE LEGISLATURE AND HAVING NOT LESS THAN 8 YEARS CREDITABLE SERVICE MAY BECOME A MEMBER OF EMPLOYEES RETIREMENT SYSTEM PROVIDED HE IS THEN EMPLOYED BY THE STATE AND MAKES REQUIRED PAYMENTS INTO THE FUND FOR EACH YEAR OF CREDITABLE SERVICE.

This is an amendment of Section 3.E of Article 6228a, with very little change. We see nothing Constitutionally objectionable in this enactment.

The above reasoning is applicable to House Bill 862 and we find it to be constitutional. This Bill is not in conflict with the terms of Senate Bill 216. The paramount

purpose appearing in each bill is to carry out the intent of Article XVI, Section 62 of the Texas Constitution, as amended and provide the State with more experienced personnel and to induce the continued service of experienced personnel to the State.

This office, in Attorney General Opinion No. M-450 (1969) upheld the constitutionality of Article 6228a, Vernon's Civil Statutes, as amended, in allowing to state employees under the State Retirement System credit time for their military service. In that opinion this office observed that it served a beneficent and useful governmental function in stimulating or inducing continued public service. We see no difference in principle in permitting state employees such credit for prior service with the state in other capacities, which is really all the bills under consideration seek to accomplish. There is no blending of retirement systems or transfer of funds involved. Nor are such state employees allowed to participate in two different retirement systems simultaneously, which is forbidden. The Farrar case, supra, is not applicable here for the reason that the Legislature was there attempting under Article 6228c to provide for a transfer of funds from the teachers retirement fund and vice-versa. This is distinguishable from the provisions for permitting prior state service as a measure of benefits in the Employees Retirement System. The Constitution, Section 2(a), Article XVI, now expressly authorizes the Legislature to enact laws pertaining to rights, privileges, benefits, inclusions, exclusions, or classifications of the members of the Employees Retirement System.

Consequently we do not believe that the Farrar decision, is a controlling factor in the determination of the questions presented here. The underlying rationale of that decision is merely a condemnation of the transfer of funds from one system to another and the basing of retirement benefits under a system in part on services rendered in another and unrelated capacity. As previously demonstrated, neither of these objectionable features appear in the Bills under discussion. No enforcement, blending or encroachment of one system upon another is allowable, as each Bill expressly forbids the granting of such credit for any service that is credited by another retirement system. A further cogent factor dispelling the influence of the Farrar decision upon the questions under consideration is that since Farrar, Article XVI, Section 62 of the Constitution of Texas has now been amended so as to allow

enlargement of the original dominant purposes. Any resulting depletion to the retirement fund may be made up by appropriate legislative measures, including the levy of taxes. The Legislature has been granted this power likewise by the Constitution, as shown.

We have concluded that, following the well settled Canons of statutory construction, we must resolve any doubt in favor of constitutionality and presume a constitutional intent in the legislative act. Watts v. Mann, 187 S.W.2d 917 (Tex.Civ.App. 1945, error ref.); State v. Shoppers World, Inc., 380 S.W.2d 107 (Tex.Sup. 1964); 53 Tex.Jur.2d 189, Statutes, Section 126.

### S U M M A R Y

Senate Bill 216, Acts 62nd Leg., R.S. 1971, Ch. 355, p. 1331, amending Section 4, Article 6228a, Vernon's Civil Statutes (Employees Retirement System of Texas) is constitutional.

House Bill 862, Acts 62nd Leg., R.S. 1971, amending Section 4, Article 6228a, Vernon's Civil Statutes, by adding a new subsection J is constitutional.

The 1968 Amendment of Article XVI, Section 62, Texas Constitution, allows certain prior services as creditable service under the Employees Retirement System when the Legislature so provides.

No conflict appears to exist between these Bills as they relate to employees and elective officials paid by Counties.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kerns Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Acting Chairman

Robert C. Flowers
Arthur Sandlin
Roger Tyler
Jay Floyd
Wardlow Lane

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant