

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

April 2, 1974

The Honorable Mark W. White, Jr.
Secretary of State
Capitol Building
Austin, Texas

Opinion No. H- 267

Re: Absentee voting
rights of prisoners
confined in county jails

Dear Secretary White:

On January 16, 1974, the United States Supreme Court issued its decision in O'Brien v. Skinner, 42 U.S. L.W. 4151, holding invalid laws of New York State governing absentee voting because those laws arbitrarily discriminated between prisoners confined in the county of their residence and those whose residence was in a different county and thus unconstitutionally denied them equal protection of the law guaranteed by the Fourteenth Amendment.

You have requested our opinion concerning the effect of that decision on the applicable election laws of Texas. Parenthetically, our response in no respect applies to those prisoners who are disqualified to vote by reason of previous felony convictions. Article 6, § 1, Constitution of Texas; Article 5.01, Election Code, V. T. C. S.

The applicable Texas law authorized by Article 6, § 2, of the Constitution is found principally in Article 5.05, Election Code, V. T. C. S.

> "Subdivision 1. Who may vote absentee. Any qualified voter of this state who expects to be absent from the county of his residence on the day of the election, or who because of sickness, physical disability, or religious belief cannot appear at the polling place in the election precinct of his residence on the day of the election, may nevertheless cause his vote to be cast at any election held in this state by compliance with the applicable method herein provided

for absentee voting.  If a voter's religious belief prohibits him from voting during any part of the time during which the polls are open on the day of the election, he shall nevertheless be entitled to vote absentee even though the prohibition does not operate throughout the entire time that the polls are open.

"Absentee voting shall be conducted by two methods: (1) voting by personal appearance at the clerk's office, and (2) voting by mail.  All voters coming within the foregoing provisions of this subdivision may vote by personal appearance at the clerk's office if they are able to make such appearance within the period for absentee voting.  The following persons, and no other, may vote by mail:

"(i) Qualified voters who because of sickness or physical disability, or because of religious beliefs, cannot appear at the polling place on the day of the election . . . .

"(ii) Qualified voters who, before the beginning of the period for absentee voting, make application for an absentee ballot on the ground of expected absence from the county of their residence on election day, and who expect to be absent from the county during the clerk's regular office hours for the entire period of absentee voting.  The voter must state in his application that he expects to be absent from the county of his residence on election day and during the clerk's regular office hours for the entire period for absentee voting.  The application shall be made not more than sixty days before the day of the election, and may be mailed to the clerk or delivered to him by the voter in person, but the clerk shall not furnish a ballot to the voter by any method other than by mailing it to him.

Applications made under this paragraph may be mailed either from within or without the county of the voter's residence, but in every case the ballot must be mailed to the voter at an address outside the county. The ballot <u>shall not be counted unless the carrier envelope in which the ballot is returned to the clerk is postmarked from a point outside the county and the affidavit on the carrier envelope is certified by an officer other than an officer of the county of the voter's residence.</u>

"(iii) Qualified voters who, after the beginning of the period for absentee voting, apply for an absentee ballot on the ground of expected absence from the county and who are absent from such county at the time of applying for an absentee ballot and expect to be absent from such county during the clerk's regular office hours for the remainder of the period for absentee voting. . . . The clerk shall not mail a ballot to any such voter unless the envelope in which the application received is <u>postmarked from a point outside the county</u>, and the <u>ballot must be mailed to the voter at an address outside the county.</u> The ballot shall not be counted <u>unless the envelope in which the application is received and the carrier envelope in which the ballot is returned to the clerk are each postmarked from a point outside the county</u> and the affidavit on the carrier envelope is certified by an officer other than an officer of the county of the voter's residence. . . . " (emphasis added)

The New York statute considered in <u>O'Brien</u> was limited in part, to those who, "because of illness or physical disability" could not appear personally to vote. The lower New York courts construed "physical disability" to include inability to go to the polls because of confinement. However, the New York Court of Appeals rejected the argument and held that those lodged in county jails were not entitled to vote absentee.

Recognizing that the construction given the statutes by the lower courts "may well have been a reasonable interpretation, " the Supreme Court felt itself bound by the construction given by the Court of Appeals and concluded:

> " We have no choice, therefore, but to hold that,
> as construed, the New York statute denies appel-
> lants the equal protection of the law guaranteed by
> the Fourteenth Amendment. " (42 U. S. L. W. at 4153)

The Texas statutes provide for absentee voting by a person physi-cally within the county of his residence on election day only, as set out in Subdivision 1(i), supra, when, because of sickness or physical dis-ability or religious beliefs he cannot appear at the polling place on elec-tion day. Texas courts have avoided giving a statute an interpretation that is clearly unconstitutional, if some other reasonable interpretation is possible. State v. City of Austin, 331 S. W. 2d 737 (Tex. 1960); Trustees of Independent School District v. Johnson County Democratic Executive Committee, 52 S. W. 2d 71 (Tex.1932); State v. Shoppers World, Inc. , 380 S. W. 2d 107 (Tex. 1964). We do not believe here, however, that the statute can be construed in such a manner as to avoid a conclu-sion of unconstitutionality.

Our statute goes further than the New York statute and provides in Subdivision 2 of Article 5. 05 of the Election Code, V. T. C. S. , that, if the ground of voting absentee is physical disability, the application for the absentee ballot must be accompanied by a certificate of a physician, a chiropractor or an accredited Christian Science practitioner certifying to the physical disability. We are therefore precluded from interpreting Article 5.05 to include confinement within the framework of "physical disability. "

We are of the opinion, therefore, that Article 5. 05 does not per-mit absentee voting by an otherwise qualified voter, who is confined in the county jail of the county of his residence and, to that extent, is uncon-stitutional under the holding of the O'Brien case. In other words, those portions of Article 5. 05 which prevent these voters from voting cannot be given that effect, and they,like others in the jails, must be given the oppor-tunity to cast their votes.

## SUMMARY

The provisions of Article 5.05 of the Election Code preventing a qualified voter confined in the county jail of the county of his residence from voting are unconstitutional.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee