

# THE ATTORNEY GENERAL

# OF TEXAS

**AUSTIN, TEXAS 78711**

JOHN L. HILL
ATTORNEY GENERAL

September 21, 1976

The Honorable Barry Read
Executive Secretary
Texas State Board of Examiners
    of Psychologists
108 West 15th Street
Austin, Texas  78701

Opinion No. H-879

Re:  Applicability of
Psychologists Certifica-
tion and Licensing Act to
state-supported institu-
tions of higher education.

Dear Mr. Read:

You have requested our opinion regarding the applicability
of the Psychologists Certification and Licensing Act, article
4512c, V.T.C.S., to state-supported institutions of higher
education.  Article 4512c requires "any person who offers
psychological services . . . for compensation" to have a
license issued by the Texas State Board of Examiners of
Psychologists.  sec. 21.  The statute specifically exempts
from licensing, however,

> the activities, services and use of
> official title on the part of a person
> employed as a psychologist by any:  (1)
> governmental agency, (2) public school
> district, (3) institution of higher
> education approved by the Board or any
> hospital licensed by the Texas State
> Department of Health . . . .V.T.C.S. art.
> 4512c, § 22(a).

You ask whether a state-supported institution of higher
education is exempted as a "governmental agency" or as an
"institution of higher education."  If the latter, the statute
would require that the institution be "approved by the Board"
in order to qualify for the exemption for its employees.

It is clear that the usual definition of "governmental agency" includes the governing board of a state-supported institution of higher education. Allis-Chalmers Mfg. Co. v. Curtis Electric Co., 264 S.W.2d 700, 701 (Tex. Sup. 1954). But since the term also includes public school districts specifically exempted by section 22(a)(2), it might be argued that the Legislature here deemed state-supported institutions of higher education to be included within the third category of exemption. In our opinion, however, such a construction raises serious constitutional questions regarding the authority of the Board, in the absence of any statutory standards, to confer its "approval" upon, or withhold it from, a state-supported entity over which it exercises no general regulatory supervision. See Housing Authority of City of Dallas v. Higginbotham, 143 S.W.2d 79, 87 (Tex. Sup. 1940); Southwestern Savings & Loan Association of Houston v. Falkner, 331 S.W.2d 917, 921 (Tex. Sup. 1960).

It is well established that when a statute is susceptible of more than one interpretation, the courts will prefer that construction which renders it constitutional. State v. Shoppers World, Inc., 380 S.W.2d 107, 111 (Tex. Sup. 1964); Newsom v. State, 372 S.W.2d 681, 683 (Tex. Crim. App. 1963). Since any classification of a state-supported institution of higher education which would require Board approval without providing any standards for the granting of such approval would raise substantial doubt as to the constitutionality of section 22, and since a state-supported institution is in any event a "governmental agency," it is our opinion that, for purposes of article 4512c, a state-supported institution of higher education should be deemed a governmental agency. As such, its employees are exempted from the licensing requirements of section 21.

### S U M M A R Y

For purposes of article 4512c, a state-supported institution of higher education is a "governmental agency," and, as such, its employees are exempted from the licensing requirements of that statute.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb