

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

August 26, 1974

The Honorable Robert S. Calvert
Comptroller of Public Accounts
State Finance Bldg.
Austin, Texas

Opinion No. H- 381

Re: May an auto dealer, his
employees and members of
his family, use an auto with-
out paying tax under Art.
6686 (a)(1), V.T.C.S.

Dear Mr. Calvert:

In our Opinion No. H-173 we considered three questions from
your office, the last of them being:

> Where title is held in the name of the dealer
> or seller and is used unregistered in accordance with
> Article 6686, Revised Civil Statutes of Texas, for
> reference Article 6.03, Section B, does Attorney General
> Opinion No. M-141 apply on motor vehicles that are used
> by the dealer, his employees, and members of family.
> Also, does it apply to registered vehicles used before
> sale from someone other than the dealer.

Our discussion of that question in Opinion H-173 and our answer
to it was:

> Article 6.03B defines the term "retail sale" as follows:

> > "The term 'retail sale' as herein used shall
> > include all sales of motor vehicles except those
> > whereby the purchaser acquires a motor vehicle
> > for the exclusive purpose of resale and not for use

and shall not include those operated under and in
accordance with the terms of Article 6686, Revised
Civil Statutes of Texas, 1925, as amended."

Attorney General Opinion No. M-141 construed this provision
in October, 1967, before the reference to Article 6686, V. T. C. S.,
was added by the 60th Legislature, effective October 1, 1968.
Article 6686, V. T. C. S., pertains to dealers' licenses and
regulates those instances when automobile dealers may operate
unregistered vehicles through the use of such dealers' temporary
licenses.

Some of the conclusions in Attorney General Opinion M-141
are affected by this amendment. For instance, the conclusion
in the opinion that "demonstrators" are taxable to dealers
would no longer be correct because §4(a) of Article 6686
allows unregistered vehicles to be used as demonstrators.

However, with specific reference to your question, the
last paragraph of §4 of Article 6686 provides in part: "Such
tags shall not be used to operate vehicles for the personal
use of a dealer or his employees."

Of course, as pointed out in Attorney General Opinion
M-141, whether a vehicle is being used personally is a
question of fact. However, it is plain that a vehicle employed
for the personal use of the dealer, his employees, his or
their families, or of someone other than the dealer is subject
to the tax. Such use with dealers' licenses is prohibited by the
above - quoted provisions of Article 6686. This would be true
even though the same automobile is also being used for proper
purposes specified in Article 6686 for unregistered vehicles.

Again, as in Attorney General Opinion M-141, we suggest
that you clarify these matters by rules and regulations promul-
gated under the authority of Article 6.02, V. T. C. S., Taxation-
General.

The Summary of our opinion was in part:

> (3) An automobile devoted wholly or partially to the personal use of a dealer, a dealer's employees or their respective families, or to someone other than the dealer is subject to the Motor Vehicle Sales and Use Tax.

You now submit the following inquiries:

> We would, therefore, appreciate a clarification on whether your original answer applies to both the use of motor vehicles with dealers' plates as provided in Article 6686 (a)(1) and the use of motor vehicles with temporary cardboard tags under Article 6686 (a)(4). If the limitation contained in Article 6686 (a)(4) does not apply to Article 6686 (a)(1), may a dealer, his employees, and members of his family use such vehicle without paying Chapter 6 tax.

In 1967 you submitted substantially the same basic question to this office and it was answered in Attorney General Opinion M-141 which concluded:

> The Motor Vehicle Sales Tax applies to all sales of motor vehicles to a dealer where the vehicle is extensively utilized for the personal or business purposes of the dealer, his family or employees, including use of the vehicle as a demonstrator to effect the sale of other vehicles. The tax does not apply where the vehicle is driven in connection with an attempted sale to a prospective purchaser; nor to other incidental use in connection therewith.

However, as we noted in Opinion H-173, the tax statutes, at that time, contained no reference to Article 6686, V.T.C.S. We are of the opinion that Attorney General Opinion M-141 was correct when it was decided and the only question here is the extent to which the added reference in Art. 6.03(B),

Taxation-General to Article 6686, requires a different answer.

Article 6686, V. T. C. S., is lengthy.  Omitting portions which are not relevant to the question before us, it provides:

> (a) Dealer's and Manufacturer's License Plates for Unregistered Motor Vehicles, Motorcycles, House Trailers, Trailers, and Semitrailers.
>
> (1) Dealer's License.  Any dealer in motor vehicles, motorcycles, house trailers, trailers, or semitrailers doing business in this State may, instead of registering each vehicle he operates or permits to be operated for any reason upon the streets or public highways, apply for and secure a general distinguishing number which may be attached to any such vehicle he owns and operates or permits to be operated unregistered.
>
> (2) Manufacturer's License . . . .
>
> (3) Buyer's Temporary Cardboard Tags . . . .
>
> (4) Dealer's Temporary Cardboard Tags. Each dealer holding a current distinguishing number may issue temporary cardboard numbers, corresponding to such dealer's license number, which may only be used by such dealer or his employees for the following purposes:
>
> [a] to demonstrate or cause to be demonstrated his unregistered vehicles to prospective buyers only for the purpose of sale; provided, however, that no provision of this Act shall be construed to prohibit a dealer from permitting a prospective buyer to operate such vehicles in the course of demonstration.
>
> [b] to convey or cause to be conveyed his unregistered vehicles from the dealer's place of business in one part

of the State to his place of business in another part
of the State, or from his place of business to a place
to be repaired, reconditioned, or serviced, or from
the point in this State where such vehicles are unloaded
to his place of business, including the moving of such
vehicles from the State line to his place of business, and
such vehicles displaying such tags while being so conveyed
shall be exempt from the mechanical inspection require-
ments of Sections 140 and 141 of the Uniform Act Regulating
Traffic on Highways.

Such tags shall not be used to operate vehicles for the
personal use of a dealer or his employees . . . .

(5) Cancellation of License . . . .

(6) Limited Use of Dealer's Plates and Tags.  The use
of dealer's license or facsimiles thereof is prohibited on
service or work vehicles or on commercial vehicles
carrying a load; provided, however, that a boat trailer
carrying a boat will not be considered to be a commercial
vehicle carrying a load, and a dealer complying with the
provisions of this Act may affix to the rear of a boat
trailer he owns or to the rear of a boat trailer he sells
such dealer's distinguishing number or cardboard facsimiles
thereof pursuant to the provisions of Subsections (1), (3) and
(4) of this Act . . . .

(11) Rules and Regulations.  The Department is hereby
authorized to promulgate reasonable rules and regulations
for the orderly administration of this Act.

. . .

Your question suggests that the taxation of automobiles operated with
metal tags differs from the taxation of those operated with temporary cardboard

tags.   This theory, apparently is based on the words "to be operated for any reason" in Art. 6686 (a)(1) whereas Art. 6686 (a)(4) restricts the uses of vehicles with temporary tags.   We disagree.

The dealers' temporary cardboard tag is in reality a replica of the metal identification number.   Were we to ascribe different consequences to this use, we would have the anomalous result of a dealer being able to vary the allowable use of a vehicle by exchanging cardboard tags for metal ones, or vice versa.   Unless there is no alternative, a statute will not be interpreted so as to lead to a foolish or absurd result.   McKinney v. Blankenship, 282 S. W. 2d 691 (Tex. 1955).

Furthermore, were we to adopt the view that automobiles operated with metal tags under 6686 (a)(1) could be operated for any purpose, serious questions would arise as to the constitutionality of the taxation rule adopting such a dichotomy between automobiles owned by dealers and those not. Article 8 §1. Texas Constitution, requires that "taxation shall be equal and uniform. " By allowing dealers, their family, friends and employees to use automobiles for personal purposes, totally unconnected with legitimate business needs of the dealers, without paying the sale or use tax at the time of acquisition of said automobiles, the legislature would, in effect, exempt this class of persons from the tax, while taxing identical uses by all other citizens of the state.   This would be neither "equal" nor "uniform. " See Greyhound Lines, Inc. v. Board of Equalization, 419 S. W. 2d 345 (Tex. 1967); H. Rouw Co. v. Texas Citrus Commission, 247 S. W. 2d 231 (Tex. 1952).

Where a statute is susceptible to more than one reasonable construction, the Courts will not adopt that one which would render the statute unconstitutional.   State v. Shoppers World, Inc. , 380 S. W. 2d 107 (Tex. 1964).   We, in our advisory function, should follow the same rules of construction.

We are reinforced in this conclusion by the Rules and Regulations Governing the Cancellation of Dealer's Licenses, promulgated by the Texas Highway Department under the authority of Article 6686 (a)(11).   They describe as a violation:

Using or permitting the use of a metal Dealers Plate
or a Dealer's Temporary Cardboard Tag on any
vehicle which the Dealer does not own or control, or
on a vehicle which is not 'in stock and for sale.'

It is our opinion, therefore, that an automobile used for the personal use of a dealer, his employees, or their families is subject to the tax of Article 6.01, Taxation-General, V. T. C. S., regardless of whether it is operated with metal or cardboard tags.

## SUMMARY

An automobile owned by a dealer and used
for the personal purposes of the dealer, his
employees, or their families, is subject to the
Motor Vehicle Sales and Use Tax, Article 6.01,
Taxation-General, V. T. C. S., regardless of
whether it is operated with metal plates or
Temporary Cardboard Tags.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee